UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------x
STEPHEN CARRIER.,                          :
an individual,                             :        CASE NO.:
                                           :
            Plaintiff,                      :
                                           :        Judge:
vs.                                        :
                                           :
                                           :        Magistrate:
                                           :
BOARD OF COMMISSIONERS                     :
OF THE SOUTHEAST LOUISIANA                 :
FLOOD PROTECTION AUTHORITY;                :
ROBERT RESOURCES, L.L.C.;                  :
ALVENA F. LUPO;                            :
ALVENA, L.L.C.;                            :
M&O REALTY, INC.; and                      :
RICE & BRACKLEY PROPERTY, L.L.C.,          :
                                           :
            Defendants.                     :
---------------------------------------------------x

## **COMPLAINT**

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, STEPHEN CARRIER, by and through his undersigned counsel, hereby files this original Complaint and sues the BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY (herein after referred to as "BOARD") for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with Disabilities Act" or "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act") and sues ROBERTS RESOURCES, LLC. ("ROBERTS"), ALVENA F. LUPO ("LUPO"),

1

ALVENA LLC ("ALVENA"),   M&O REALTY, INC. ("M&O"), and RICE & BRACKLEY PROPERTY, LLC. ("RICE & BRACKLEY"), (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This is also an action for declaratory and injunctive relief and money damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, STEPHEN CARRIER, (hereinafter referred to as "MR. CARRIER"), is a resident of Jefferson Parish, Louisiana. MR. CARRIER resides at 3410 Severn Avenue, Metairie, Louisiana 70002.

4. MR. CARRIER is a qualified individual with a disability under the ADA. MR. CARRIER is a T-10 paraplegic.

5. Due to his disability, MR. CARRIER is substantially impaired in several major life activities and uses a wheelchair to ambulate. Specifically, MR. CARRIER is unable to walk, stand, or use his legs without assistance.

6. Upon Information and belief, DEFENDANT BOARD has an address of 6920 Franklin avenue, New Orleans, Louisiana 70122.

7.    Upon information and belief, DEFENDANT ROBERTS is a limited liability company organized in the State of Louisiana and having the domicile of 135 Robert E. Lee Blvd., New Orleans, Louisiana 70124.

8.    Upon information and belief, DEFENDANT LUPO is a natural person of sound mind above the age of majority.

9.    Upon information and belief, DEFENDANT LUPO has a domicile of 145 Robert E. Lee Blvd., New Orleans, Louisiana 70124.

10.   Upon information and belief, DEFENDANT ALVENA is a limited liability company organized in the State of Louisiana and having the domicile of 145 Robert E. Lee Blvd. Penthouse Suite, New Orleans, Louisiana 70124.

11.   Upon Information and belief, DEFENDANT M & O is a business corporation organized in the State of Louisiana and having the domicile of 447 Amethyst Street, New Orleans, Louisiana 70124.

12.   Upon Information and belief, DEFENDANT RICE & BRACKLEY is a limited liability company organized in the State of Louisiana and having the domicile of 512 Beau Chene Drive, Mandeville, Louisiana 70471.

13.   Upon information and belief, DEFENDANTS are the owners and managers of the real properties and improvements that are the subject of this action, to wit: Lakeshore Smith-Lupo Center, located generally at 101-135 Robert E. Lee Blvd., New Orleans, Louisiana 70124. (hereinafter referred to as "the Property").

14.   As the owners and managers of the Property, DEFENDANTS are obligated to comply

3

with the ADA.

15.    All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

16.    MR. CARRIER realleges and reavers Paragraphs 1 - 15 as if they were expressly restated herein.

17.    The Property is a place of public accommodation, subject to the ADA, generally located at: 101-135 Robert E. Lee Blvd., New Orleans, Louisiana 70124.

18.    Upon information and belief, MR. CARRIER is deterred from visiting the Property as cannot even get in the door of the Subway restaurant.

19.    Each time he drives by, MR. CARRIER remains deterred, as he knows attempting to gain access would be a futile gesture.

20.    MR. CARRIER is presently deterred from accessing the goods and utilizing the services offered at the Property due to numerous architectural barriers which exist at the Property.

21.    MR. CARRIER continues to desire to visit the Property, but he would experience serious difficulty due to the barriers discussed below in Paragraph 24, which still exist.

22.    MR. CARRIER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

23.    MR. CARRIER also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 24 still exist or have been modified.

24.    Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS ROBERTS, LUPO, and ALVENA:

    A.    There is an impermissible cross-slope on the promenade of the facility, including but not limited to by the Robert's Market.

    B.    There is a mobile crawfish boiling apparatus parked in the access aisle of the disabled parking spaces.

    C.    There are gaps at the top of the curb ramps by the Robert's Market.

    D.    Other mobility-related ADA barriers to be identified following a complete inspection.

    II.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT M&O:

    A.    There is no ramp to enter the Subway Restaurant, there are only stairs.

    B.    There is an impermissible cross-slope on the promenade of the facility, including but not limited to by the Goodwill.

    C.    There is an impermissibly high threshold at the entrance of the Goodwill.

    D.    Other mobility-related ADA barriers to be identified following a

complete inspection.

III.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS
ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT RICE &
BRACKLEY:

A.    There is no accessible route which connects all of the buildings as
there are steps that break up the accessible route on the promenade
in front of the Smoothie King.

B.    Other mobility-related ADA barriers to be identified following a
complete inspection.

25.    Upon information and belief, all barriers to access and ADA violations still exist and
have not been remedied or altered in such a way as to effectuate compliance with the
provisions of the ADA, even though removal is readily achievable.

26.    Upon information and belief, removal of the discriminatory barriers to access located on
the Property is readily achievable, reasonably feasible, and easily accomplished, and
would not place an undue burden on DEFENDANTS.

27.    Upon information and belief, DEFENDANTS have failed to remove the barriers to
access which exist at the Property, even though their removal is readily achievable.

28.    Upon information and belief, removal of the barriers to access located on the Property
would provide MR. CARRIER with an equal opportunity to participate in, or benefit
from, the goods, services, and accommodations which are offered to the general public at
the Property.

29.    Independent of his intent to return as a patron to the Property, MR. CARRIER

additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

30.  MR. CARRIER has been obligated to retain the undersigned counsel for the filing and prosecution of this action.   MR. CARRIER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF TITLE II OF THE ADA

31.  MR. CARRIER realleges and reavers paragraphs 1-30 as if they were expressly restated herein.

32.  Upon information and belief, the BOARD develops and provides the services and programs offered at the Property.

33.  MR. CARRIER has been to the Property numerous times in the past.

34.  While at the Property MR. CARRIER has tried to access numerous architectural features but encountered numerous barriers which hindered his ability to access the services and utilize the programs offered at the Property.

35.  MR. CARRIER is presently deterred from attempting to patronize the Property due to the ADA barriers which are the subject of this action.

36.  MR. CARRIER plans to return to the Property in the near future to utilize the programs and activities administered at the Property.

37.  The BOARD has failed to adopt any alternatives to barrier removal which would provide MR. CARRIER with meaningful access to the goods, services, and programs which are offered at the Property.

38.  MR. CARRIER plans to and will visit the Property in the future as a patron and

also as an ADA tester to determine if the barriers to access alleged herein have been modified.

39. MR. CARRIER is presently deterred from attempting to visit the Property due the numerous ADA barriers which render the Property inaccessible.

40. Upon information and belief, the BOARD has discriminated, and is continuing to discriminate, against MR. CARRIER in violation of the ADA by excluding and/or denying MR. CARRIER the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. MR. CARRIER's visits to the Property shows that the program, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

     A. There is a mobile crawfish boiling apparatus parked in the access aisle of the disabled parking spaces near Roberts Market.

     B. There is an insufficient number of accessible-designated parking spaces at the Property.

     C. There are bumpers blocking the accessible route from the parking spaces to the curb ramps.

     D. Near Robert's and Smoothie King there are accessible-designated parking spaces that are not marked with vertical signage.

     E. Near Robert's there are accessible-designated parking spaces that do not lead to a compliant curb cut.

     F. Near Smoothie King there are accessible-designated parking spaces that are faded.

G.   Near Anytime Fitness, there is an accessible-designated parking space which does not lead to a curb cut.

H.   Other mobility-related ADA barriers to be identified following a complete inspection.

41.   42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

42.   The BOARD has discriminated against MR. CARRIER by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

43.   The BOARD has discriminated, and are continuing to discriminate, against MR. CARRIER in violation of the ADA by excluding and/or denying MR. CARRIER the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. MR. CARRIER personally experienced the numerous barriers to access on the Property discussed herein.

44.   28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." The BOARD has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

9

45.     The BOARD has discriminated against   MR. CARRIER   by   excluding   him from participation in, and denying the benefits of, the services, programs, and/or activities at   its   Property   because   of   MR. CARRIER's   disability,   all in   violation   of   42   U.S.C.   § 12132.

46.     Upon information and belief, the BOARD continues to discriminate against the MR. CARRIER, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when   such   modifications are   necessary   to   afford   all   offered   goods, services, programs, activities, facilities, privileges, advantages or   accommodations   to   individuals   with disabilities; and by failing to make such efforts that may be necessary to ensure that no   individual   with   a   disability   is   excluded,   denied services,   programs, and/or   activities, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47.     Upon information and belief, MR. CARRIER and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of the BOARD's Property, and have   otherwise   been discriminated   against   and   damaged   by   the BOARD because   of   the BOARD's discrimination, as set forth above.   MR. CARRIER and all others similarly situated will continue to suffer such discrimination, injury and damage without   the   immediate   relief   provided   by   the   ADA   as   requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy the BOARD's discriminatory violations and avoid piecemeal litigation, MR. CARRIER requires a full inspection of the Property in order to

catalogue and cure all the areas of non-compliance with the ADA.

48.     MR. CARRIER has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from the BOARD pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

49.     MR. CARRIER is suffering irreparable harm.

50.     Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant MR. CARRIER's injunctive relief including an order for the BOARD to alter the Property to make those facilities, and/or programs, and/or activities, readily accessible and useable to MR. CARRIER and all other persons with disabilities as defined by the ADA.

WHEREFORE, MR. CARRIER demands judgment against DEFENDANTS, and requests the following relief:

A.      That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS are in violation of the ADA;

B.      That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CARRIER;

D.      This Court issue a Declaratory Judgment that determines that the BOARD is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

E.      This Court grant permanent injunctive relief against DEFENDANTS including an order to make all readily achievable alterations to the Property; or to   make such Property readily accessible to and usable by individuals with disabilities to the extent required   by    the    ADA;    and    to    require    DEFENDANTS   to make    reasonable   modifications    in    policies,   practices    or   procedures, when   such   modifications   are necessary to afford all offered goods, services, facilities,   privileges,   advantages   or   accommodations   to   individuals   with disabilities;

F.      This Court enter an Order directing DEFENDANTS to alter and modify the Property and its facilities, services, activities, programs and accommodations as appropriate to comply with the ADA;

G.      This Court awards monetary damages, including nominal damages, pursuant to Title II and 29 U.S.C. § 794a(a)2 for the harmed caused by the BOARD's discriminatory practices and barriers;

H.      This Court award of reasonable attorneys' fees, costs and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

I.      Such other relief as the Court deems just and proper, and/or is allowable under Title II and Title III of the ADA.

Respectfully Submitted,


THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By/s/ Garret S. DeReus
    Garret S. DeReus