UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN CARRIER | CIVIL ACTION |
| VERSUS | No. 16-3702 |
| NON-FLOOD PROTECTION ASSET<br>　MANAGEMENT AUTHORITY,<br>　　as successor to the former<br>　　BOARD OF COMMISSIONERS OF<br>　　THE SOUTHEASTERN LOUISIANA FLOOD<br>　　PROTECTION AUTHORITY;<br>ROBERT RESOURCES, L.L.C;<br>ALVENA F. LUPO;  ALVENA, L.L.C.;<br>M&O REALTY, INC.; AND<br>RICE & BRACKLEY PROPERTY, L.L.C. | SECTION: "N" (4) |

## ORDER AND REASONS

In this action, Plaintiff Stephen Carrier has sued various defendants under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* Specifically, Plaintiff, who requires a wheelchair for mobility, seeks injunctive and other relief relative to architectural sidewalk barriers allegedly precluding his access to the Subway restaurant and Goodwill store located at 115 and 123 Robert E. Lee Boulevard, in New Orleans, Louisiana.

Presently before the Court is a motion for summary judgment (Rec. Doc. 28) filed by the owner of those properties, Defendant M&O Realty, Inc. In support of its motion, M&O maintains that Plaintiff's claims against it should be dismissed because it does not own, lease, or operate the sidewalks adjoining its properties. Rather, M&O contends, the Board of Levee Commissioners of Orleans Levee District is the owner of the sidewalks and, thus, is responsible for

ensuring their accessibility. For the reasons stated herein, **IT IS ORDERED** that the M&O's instant motion for summary judgment is **DENIED**.[1]

## I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

---

[1] As suggested by Plaintiff in opposing M&O's motion, if M&O and Non-Flood Protection Asset Management Authority (as the successor to the Board of Levee Commissioners of Orleans Levee District) were to agree that it is one of them that is responsible for any relief owed Plaintiff, the Court would consider entertaining cross motions for summary judgment submitted for the purpose of determining that issue. See Rec. Doc. 30, p. 5; see also Rec. Docs. 37 and 46.

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit

3

a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II. Analysis**

Considering the parties' submissions in light of the foregoing legal principles, the Court finds that M&O, on the present showing made, has failed to bear its summary judgment burden. Specifically, it is not sufficiently apparent to the Court, from a review of the entirety of the transactional documents provided by the parties, that M&O necessarily is completely insulated from any legal responsibility for the two sidewalk areas in question. In particular, the Court notes language in Section III of the "Building Restrictions Applying to Lakeshore Subdivision" stating:

SECTION III

GENERAL USE

\* \* \*

PUBLIC PARKING ADJOINING SQUARE No. 1

> All of the parking areas surround and adjoining Square No.1 are designated for the specific use of the public for parking and of the owners of the commercial property known as Square No.1. [] In consideration for this designation, the *owners of the Commercial property, known as Square No. 1, will keep the improvements in these parking areas in repair* and this dedication shall run under covenant with the ownership title of Square No. 1. [2]

The document excerpt included in M&O's submission as page 22 of 25 also provides:

> As part of the consideration hereof the vendor agrees to complete all improvements, utilities, streets, sidewalks and paving thereof . . . and more particularly in the front and rear of Square Number 1 the public parking areas adjoining same[.] Thereafter, the

---

[2] *See* Rec. Doc. 28-6 (emphasis added). The Building Restrictions (Rec. Doc. 28-6, pp. 1-2) are attached, in M&O's submission, to the acts dated January 3, 1967 by which M&O obtained the properties bearing municipal addresses 115 and 123 Robert E. Lee Boulevard, New Orleans, Louisiana. *See* Rec. Doc. 28-4, pp. 1-7; *see also* Rec. Doc. 28-3, pp. 2-3, ¶¶ VI and VIII; Rec. Doc. 53, ¶¶ III-IV.

4

> *purchaser* herein in accordance with the restrictions applying to Lakeshore Subdivision annexed hereto under the paragraph entitled "Public Parking Adjoining Square Number 1," *will keep the improvements in these parking areas in repair.*"[3]

Although M&O ultimately may be able to demonstrate the merit of its position and obtain summary relief, it has not thus far done so. Accordingly, its request for summary dismissal is denied.

New Orleans, Louisiana, this 5th day of June 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[3] *See* Rec. Doc. 28-6, p. 22 (emphasis added); *see also* Rec. Doc. 29-4, p. 4.